FILED
2013 Apr-23  AM 10:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **TOMMY ROBERTS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:12-cv-00031-AKK** |
| **NEW HAMPSHIRE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Tommy Roberts filed this action in the Circuit Court of Jefferson County, Alabama seeking a declaratory judgment regarding the availability and amount of uninsured motorist coverage under an applicable liability insurance policy with Defendant New Hampshire Insurance Company.  Doc. 1 at 11-12.  Defendant subsequently removed the action to this court, doc. 1 at 1-4, and both parties now seek summary judgment, docs. 9 and 12.  The motions are fully briefed and ripe for review.  Docs. 10, 15-18.  For the reasons discussed below, the court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.[1]

---

[1] Additionally, the court did not rely upon the declaration of Sarah Haynes in reviewing the parties' motions.  Therefore, Plaintiff's motion to strike this declaration, doc. 19, is **DENIED**.

## I.  SUMMARY JUDGMENT STANDARD OF REVIEW

Under Rule 56(c)(2) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of proving the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial."  *Id.* at 324 (citation and internal quotation marks omitted).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable

2

inferences must be drawn in the non-moving party's favor).  Any factual disputes

will be resolved in Plaintiffs' favor when sufficient competent evidence supports

Plaintiffs' version of the disputed facts.  *See Pace v. Capobianco*, 283 F.3d 1275,

1276, 1278 (11th Cir. 2002) (a court is not required to resolve disputes in the non-

moving party's favor when that party's version of events is supported by

insufficient evidence). However, "mere conclusions and unsupported factual

allegations are legally insufficient to defeat a summary judgment motion." *Ellis v.*

*England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain*

*Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)).  Moreover, "[a] mere

'scintilla' of evidence supporting the opposing party's position will not suffice;

there must be enough of a showing that the jury could reasonably find for that

party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*,

477 U.S. at 252)).

## II.  FACTUAL BACKGROUND

AIG American International Companies ("AIG") affiliate American Home

Assurance Company ("American Home") issued commercial auto insurance policy

CA 301-77-91 to C&S Wholesale Grocers, Inc. ("C&S"), for a one year period

beginning in September 2005.[2]  Doc. 12-7 at 3.  When C&S received this policy, it "reject[ed] Uninsured Motorists Coverage in its entirety."  Doc. 12-8 at 2. American Home renewed the policy for the following two years, resulting in policy CA 583-65-62 and subsequently policy CA 160-71-59.  Docs. 12-5, 12-6. Thereafter, Defendant, rather than American Home, renewed the auto policy with C&S for the following two years, resulting in policy CA 160-78-12 and CA 664-73-01.  Docs. 12-4 at 3, 12-2 at 15.  The original policy and each subsequent renewal was issued to C&S at its corporate address in New Hampshire.  *See* docs. 12-2 at 15, 12-4 at 3, 12-5 at 3, 12-6 at 3, 12-7 at 3.

In February 2010, while driving a vehicle registered in Alabama and covered by renewal policy CA 664-73-01, Plaintiff sustained injuries in an auto accident caused by a third-party.  Docs. 10 at 16, 12-2 at 15.  The third party's insurer, State Farm, offered Plaintiff the $25,000 policy limit "as full and final settlement of Plaintiff's bodily injury claims against [its insured]."  Doc. 1 at 11.  However, Plaintiff sent a letter to State Farm stating that his medical expenses totaled $53, 460.64 and demanding $500,000.00 "as full and final settlement of [Plaintiff's]

---

[2] Plaintiff disputes that American Home and Defendant are affiliates.  However, the insurance policies attached to Defendant's motion clearly indicate that both are affiliates of AIG. *See* docs. 12-7, 12-2.  Since Plaintiff does not dispute that these exhibits are true and correct copies of the insurance policy and its subsequent renewals, the court presumes that American Home and Defendant are, in fact, affiliates.

4

bodily injury claim." *Id*. at 18-19.  Thereafter, Plaintiff filed this declaratory

judgment action seeking coverage under the uninsured motorists provision of C&S

and Defendant's insurance policy.  *Id*. at 11.

## III.  ANALYSIS

The Alabama uninsured motorists statute provides that

> [n]o automobile liability or motor vehicle liability policy insuring
> against loss resulting from liability imposed by law for bodily injury or
> death suffered by any person arising out of the ownership, maintenance,
> or use of a motor vehicle shall be **delivered or issued for delivery in
> this state** unless coverage is provided therein or supplemental thereto,
> in limits for bodily injury or death set forth in subsection (c) of Section
> 32-7-6, under provision approved by the Commissioner of Insurance for
> the protection of persons insured thereunder who are legally entitled to
> recover damages from owners or operators of uninsured motor vehicles
> because of bodily injury, sickness or disease, including death, resulting
> therefrom; **provided, that the named insured shall have the right to
> reject such coverage**; and provided further, that unless the named
> insured requests such coverage in writing, **such coverage need not be
> provided in or supplemental to a renewal policy where the named
> insured had rejected the coverage in connection with the policy
> previously issued to him or her by the same insurer**.

Ala. Code § 32-7-23(a) (emphasis added).  Based on this language, Plaintiff argues

that he is due summary judgment because Defendant failed to produce a valid

rejection of uninsured motorist coverage.  Doc.10 at 2-3; *see also* doc.16.

Defendant counters that it is due summary judgment on three grounds: (1) the

Alabama statute is inapplicable, (2) the insured rejected coverage, and (3) the

policy language exempts coverage because the Alabama statute is not compulsory.

Docs. 15, 12. The court discusses these contentions below.

**A.     Non-compulsory Language Policy Exception – "the right to reject"**

Irrespective of whether the Alabama statute applies here, Defendant

contends that it is due summary judgment because the insured vehicle is not a

"covered auto" under the insurance policy's uninsured motorists provision. Doc.

15 at 10-11. The business auto coverage form for the disputed policy states that

"[o]nly those 'autos' you own that because of the law in the state where they are

licensed or principally garaged **are required to have and cannot reject** Uninsured

Motorists Coverage" are "covered autos" under the policy's uninsured motorists

provision. Doc. 12-2 at 28 (emphasis added). Consequently, because the vehicle

driven by Plaintiff was registered in Alabama, which has an uninsured motorist

statute that states that "the named insured **shall have the right to reject** such

coverage," Ala. Code § 32-7-23(a) (emphasis added), Defendant contends that the

insured vehicle is not a "covered auto." Since the court must give contract terms

"their ordinary, plain, and natural meaning" in instances "[w]here there is no

indication that the terms . . . are used in a special or technical sense[,]" *Homes of*

*Legend, Inc. v. McCollough*, 776 So. 2d 741, 746 (Ala. 2000), the court agrees that

the car Plaintiff drove was not a "covered auto."

6

Plaintiff asserts that, despite the plain language of the policy, this provision is unenforceable under Alabama law.  Specifically, Plaintiff asserts that "§ 32-7-23 demands that [uninsured motorists] coverage exists regardless, so long as there is no valid waiver of such coverage" and that, accordingly, the term defining "covered autos" for uninsured motorists coverage is void unless there is an explicit rejection of coverage.  Doc.16 at 8.  This is essentially a public policy argument asking the court to interpret the statute as requiring a formal coverage rejection form rather than allowing rejection by agreeing to a policy exclusion.  However, Alabama courts

> have made clear that, in the context of an insurance contract, if there is one thing which more than another public policy requires it is that men of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts, when entered into freely and voluntarily, shall be enforced by courts of justice.

*Federated Mut. Ins. Co., Inc. v. Vaughn*, 96 So. 2d 816, 819-20 (Ala. 2007) (*quoting Ex parte Life Ins. Co. of Georgia*, 810 So. 2d 744, 751 (Ala. 2001) (*quoting other cases in turn*)).  Moreover, Alabama courts only deem policy exclusions void and unenforceable if they are **more restrictive** than § 32-7-23, which generally occurs only when the policy purports to reduce the amount payable under the policy to an amount below the uninsured motorists statutory requirement. *Continental Cas. Co. v. Pinkston*, 941 So. 2d 926, 929 (Ala. 2006) (citing *State*

7

*Farm Auto. Ins. Co. v. Reaves*, 292 So. 2d 95 (Ala. 1974)).

Based on these facts, Defendant's policy does not attempt to lower the amount payable under the uninsured motorists provision.  Instead, it provides a waiver of coverage for vehicles maintained in states that allow for rejection of uninsured motorists benefits.  Since Alabama courts favor enforcing insurance contracts as written, the court finds that the uninsured motorist provision in this policy acts as a valid rejection of coverage for vehicles in states that allow for such rejection.  Accordingly, Defendant's motion is due to be granted.

**B.     Rejection of Coverage – "the same insurer"**

Alternatively, Defendant's motion is due to be granted based on the existence of a form providing an affirmative rejection of uninsured motorists coverage.  Plaintiff does not deny the existence of a valid rejection form, *see* doc. 10 at 25, but instead contends that Defendant cannot rely on the form because it was originally executed with American Home.  Doc. 10 at 2-3.  In other words, Plaintiff claims that Defendant is not the "same insurer" under the Alabama statute. Although Alabama courts have not settled whether affiliated companies are considered the "same insurer" under its uninsured motorist statute, this determination is unnecessary here because of the policy language.  Specifically, each renewal policy C&S signed with American Home and with Defendant states

8

that "THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF

APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS, **COVERAGE**

**FORMS**, AND FORMS AND ENDORSEMENTS IF ANY ISSUED TO FORM A PART THEREOF

**COMPLETE THE ABOVE NUMBERED POLICY**." *See* doc. 12-2 at 15 (emphasis

added). "When interpreting a contract, a court should give the terms of the

agreement their clear and plain meaning and should presume that the parties

intended what the terms of the agreement clearly state." *Fidelity & Deposit Co. of*

*Maryland v. Jefferson Cnty Com'ns*, No. 2:09-cv-247-JHH, 2010 WL 5487397 at

*5 (N.D. Ala. 2010); *Southland Quality Homes, Inc. v. Williams*, 781 So. 2d 949,

953 (Ala. 2000). Based on this rule of contract interpretation and the plain

language of the policy at issue, the parties unambiguously incorporated all prior

coverage forms, including the uninsured motorists coverage rejection form, into the

renewal policy by reference. Incorporating this form into the final renewal policy

holds the same effect as signing an entirely new form – C&S rejected uninsured

motorist coverage for the 2009-2010 coverage year. Accordingly, the uninsured

motorist coverage rejection form is valid and enforceable and thus prevents

Plaintiff's recovery.

**C.     Applicability of the Alabama Statute – "delivered or issued for delivery"**

Defendant contends lastly that it is due summary judgment because the

Alabama uninsured motorist statute is inapplicable to its insurance policy with

C&S.  The Alabama statute provides that it is only applicable to insurance policies

that were "delivered or issued for delivery in this state." Ala. Code § 32-7-23(a).

This statutory requirement recognizes Alabama's conflicts of laws *lex loci*

*contractus* rule that the law of the place where the contract was made governs

contractual disputes when the contract itself is silent as to choice of law.  *Cherokee*

*Ins. Co., Inc. v. Sanches*, 975 So. 2d 287, 292 (Ala. 2007) (*quoting Stovall v.*

*Universal Constr. Co.*, 893 So. 2d 1090, 1102 (Ala. 2004)).  In that regard, the

parties dispute where the insurance policy was "delivered or issued for delivery."

Plaintiff contends that an endorsement on the policy naming Birmingham Logistics

LLC of Alabama is definitive proof that the insurance policy was issued in

Alabama.  Doc. 10 at 4.  In contrast, Defendant contends that the original policy

and each renewal was issued and delivered to C&S at its corporate office in New

Hampshire, and that the subsequent endorsement naming Birmingham Logistics as

an insured does not change the place of original delivery.  Doc. 15 at 6-7.

　　　Based on the evidence presented, Defendant in fact executed an

"ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC

LIABILITY UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980,"

naming Birmingham Logistics LLC of Birmingham, Alabama as a covered entity

under the public liability provisions of policy CA 664-73-01.  Doc. 10 at 27; Doc.

12-3 at 101.[3]  The endorsement itself, also referred to as a "MCS-90 form,"

provides that

> [t]he insurance policy to which this endorsement is attached provides automobile liability insurance and **is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Highway Administration (FHWA) and the Interstate Commerce Commission (ICC)**.
>
> In consideration of the premium stated in the policy to which this endorsement is attached, **the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980** regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.  Such insurance as is afforded for public liability **does not apply to injury to or death of the insured's employees** while engaged in the course of their employment, or property transported by the insured, designated as cargo.
> ****
> However, **all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect** as binding between the insured and the company.

---

[3] Although Defendant also executed identical endorsements for Collington Services of Maryland, Fire Logistics LLC of New York, and Ocean Logistics LLC of Pennsylvania, Plaintiff does not contend that the insurance policy was issued or delivered in those states.  *See* doc. 12-3 at 103, 105, 107.

Doc. 12-3 at 101-02 (emphasis added). The plain language of the endorsement indicates that Defendant correctly contends that the endorsement was executed merely to ensure compliance with federal law.[4] This position is supported by several circuits, which have noted that the purpose of such an endorsement is to ensure that a carrier "has [proof of] independent financial responsibility to pay for losses sustained by the general public arising out of its trucking operations." *Travelers Ins. Co. v. Transport Ins. Co.*, 787 F.2d 1133, 1140 (7th Cir. 1986); *see also Canal Ins. Co. v. First General Ins. Co.*, 889 F.2d 604, 611 (5th Cir. 1989), *mandate recalled and reformed*, 901 F.2d 45 (5th Cir. 1990); *John Deere Ins. Co. v. Nueva*, 229 F.3d 853, 857 (9th Cir. 2000), *cert. denied*, 534 U.S. 1127 (2002); *Empire Fire and Marine Ins. v. Guaranty Nat'l Ins.*, 868 F.2d 357, 362 (10th Cir. 1989). The insurance policy endorsement "protect[s] the public from loss due to negligent acts, . . . [but] do[es] not alter or affect the obligations between the insured and the insurer[.]" *Empire Fire and Marine Ins. Co. v. J. Transport, Inc.*, 880 F.2d 1291, 1298 (11th Cir. 1989). In other words, the inclusion of a MCS-90 form may expand the definition of a "covered auto" or "insured" under the policy

---

[4] The federal regulations require a motor carrier to maintain proof of financial responsibility at its principal place of business. 49 C.F.R. § 387.7(d). This proof may include "Endorsement(s) for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 (Form MCS-90) issued by an insurer(s)[.]" *Id.*

to ensure coverage for public loss, but it does not necessarily change the pre-existing terms of the underlying policy.

Moreover, the plain language of the endorsement at issue states unequivocally that it does not change the "terms, conditions and limitations" of the policy to which it is attached. Doc. 12-3 at 102.  Relatedly, the original terms of the policy indicate that it was issued to C&S and delivered to C&S's corporate office in New Hampshire.  *See* docs. 12-2 at 15, 12-4 at 3, 12-5 at 3, 12-6 at 3, 12-7 at 3. Accordingly, Plaintiff has no proper basis to contend that the endorsement altered the location of the contract's original execution.  Indeed, if Plaintiff can make such a contention, then an argument exists that the underlying insurance policy was executed in Maryland, New York, and Pennsylvania since endorsements issued to those states were executed on the same date as Birmingham Logistics' endorsement.  *See* doc. 12-3 at 101-02.  This would create a clear inconsistency between the terms of the original insurance policy and its later endorsements. However, where such an inconsistency exists, "the inconsistency must be resolved in favor of the prior clause, unless an intention to thereafter qualify is plainly expressed."  *McLemore v. Hyundai Motor Mfg. Alabama, LLC*, 7 So. 3d 318, 333 (Ala. 2008).  Under Alabama law, since Plaintiff failed to present evidence that the parties intended to change the location of the contract's execution through any of

these later MCS-90 forms, the original issuance term of the insurance policy still governs.  In other words, the insurance policy was "delivered or issued for delivery" in New Hampshire and the Alabama uninsured motorist statute is inapplicable.  Accordingly, Defendant's motion is due to be granted.

## IV.  <u>CONCLUSION</u>

For the reasons stated more fully above, the court **DENIES** Plaintiff's motion for summary judgment, but **GRANTS** Defendant's motion.  Accordingly, Plaintiff is not entitled to recover from Defendant under its insurance policy with C&S, and Plaintiff's claim is **DISMISSED with prejudice**.

**DONE** this 23rd day of April, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE